USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/16/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONATO ROSALES MEDINA, *individually and on behalf of others similarly situated*,

    Plaintiff,

v.

TACO MIX LLC, *d/b/a* TACO MIX, JORGE SANCHEZ *a.k.a.* LIDOINE SANCHEZ, ALEJO SANCHEZ and JAVIER FLORES

    Defendants.

No. 17-CV-5637 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Donato Rosales Medina filed this action against Taco Mix LLC, Jorge Sanchez, Alejo Sanchez, and Javier Flores, alleging that Defendants violated, *inter alia*, the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendants failed to answer or otherwise respond to the Complaint, and the Court granted Plaintiff's motion for default judgment and referred the case to Magistrate Judge Fox for an inquest into damages. Judge Fox issued a Report and Recommendation (the "Report"), to which no objections were made. After the filing of the Report, Plaintiff, at the Court's request, filed a supplemental affidavit clarifying two aspects of the record.

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may object to a magistrate judge's recommended findings "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). "When the parties make no objections to the Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith*

1

*v. Corizon Health Servs.*, No. 14-CV-8839 (GBD) (SN), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)).

Having reviewed the Report for clear error, the Court hereby adopts it in part and modifies it in part. The Court adopts the Report's summary of Plaintiff's submissions, its recitation of the legal standards, and its application of the legal standards as to Defendants' notice violations, attorney's fees, and costs. As to the Report's calculation of damages for unpaid overtime and spread-of-hours compensation, the Court makes two modifications. First, the Court modifies that portion of the Report which adopts Plaintiff's calculation of unpaid overtime compensation despite noting that "[n]o evidence exists in the plaintiff's inquest submissions that the 'four or five weeks when the plaintiff was paid $740' per week occurred, as the plaintiff claims in his calculation of damages[.]" Report at 8. Plaintiff clarified in his supplemental affidavit, filed after the Report was issued, that he was paid a fixed weekly rate of $700, "except for three weeks when I was paid $750 . . . without any explanation of why I received the additional pay. Those weeks were not weeks when I worked any more hours than my usual hours." Supp. Aff. ¶ 12. The Court hereby revises the Report's calculation of unpaid overtime compensation to $38,784, to reflect the clarification in Plaintiff's supplemental affidavit.[1]

Second, the Court modifies that portion of the Report which adopts Plaintiff's spread-of-hours calculation despite noting that Plaintiff, without identifying the size of his employer, relied on the minimum hourly wage rate for large employers of eleven or more employees. Report at 9. Plaintiff's supplemental affidavit states that "[t]here were approximately seven employees in total

---

[1] Although Plaintiff's supplemental affidavit states that he was paid $750 for these three weeks, all other submissions—including the Complaint, the declaration of Joshua S. Androphy, and Plaintiff's prior affidavit—state that the payment during this period was $740. The Court has used the $740 figure reflected in Plaintiff's prior submissions, and has calculated the unpaid overtime compensation as follows: for the period from 7/19/2016 – 12/30/2016: (22 weeks) x ($840 underpayment per week) = $18,480; for the period from 12/31/2016 – 2/5/2017: (3 weeks) x ($888 underpayment per week) + (2 weeks) ($840 underpayment per week) = $4,344; for the period from 2/6/2017 – 6/23/2017: (19 weeks) + ($840 underpayment per week) = $15,960, for a total of $38,784.

at the restaurant." Supp. Aff. ¶ 7. Plaintiff's employer thus does not qualify as a large employer under the relevant law. *See* 12 N.Y.C.R.R. § 146-1.2 (minimum wage for the relevant period was $11 per hour for "large employers of eleven or more employees," but $10.50 per hour for "small employers of ten or fewer employees."). In light of this supplemental submission, the Court modifies the Report's spread-of-hours calculation to reflect that the relevant minimum wage rate for the period from December 31, 2016 – June 23, 2017 was $10.50 per hour. The revised spread-of-hours compensation is $2,700.[2]

Accordingly, Plaintiff is awarded a total of $98,603, consisting of: (1) $38,784 in overtime compensation and $38,784 in liquidated damages; (2) $2,700 in spread-of-hour compensation and $2,700 in liquidated damages; (3) $5,000 in statutory damages for failure to provide wage notices; (4) $5,000 in statutory damages for failure to provide wage statements; (5) $5,035 in attorney's fees; and (6) $600 in costs.[3] The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated:     September 16, 2019
           New York, New York

_____
Ronnie Abrams
United States District Judge

---

[2] The Court calculates the spread-of-hours compensation as follows: for the period from 7/19/2016 – 12/30/2016: (22 weeks) x (6 spread-of-hour days per week) x ($9 minimum wage) = $1,188; for the period from 12/31/2016 – 2/5/2017: (5 weeks) x (6 spread-of-hour days per week) x ($10.50 minimum wage) = $315; for the period from 2/6/2017 – 6/23/2017: (19 weeks) x (6 spread-of-hour days per week) x ($10.50 minimum wage) = $1,197, for a total of $2,700.

[3] For the reasons explained in *Mendoza v. CGY & J Corp.*, 15-CV-9181 (RA), 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017), the Court would not have awarded Plaintiff's attorneys the hourly rates of $400 and $450 per hour. Because the Court cannot say that the Report's award of attorney's fees was clear error, however, it nevertheless adopts the award recommended in the Report.

3